FREDERICK M. INGERSOLL *vs.* THOMAS B. STRONG & another.

Under the Rev. Sts. *c.* 98, when charges of fraud are alleged against a party who seeks to take the poor debtors' oath, and the examining magistrates render a judgment in his favor, it is their duty to administer the oath to him, and to make a certificate thereof to the jailer, although the creditor appeals from their judgment; and the debtor is thereupon to be discharged from imprisonment, or, if he is at large on bail when the oath is taken, his bail are thereby discharged.

THE plaintiff's declaration alleged that he, on the 25th of July 1845, caused Henry Marsh to be committed to the jail in Lenox, in the county of Berkshire, upon an execution which issued on a judgment obtained in the supreme judicial court, by the plaintiff, against said Marsh, for the sum of $919·75, and that said Marsh, on the 26th of said July, caused the plaintiff to be cited, in due form of law, to appear at the jail house in said Lenox, on the 30th of said July, to show cause why said Marsh should not have the benefit of the law for the relief of poor debtors; at which time and place the plaintiff and said Marsh appeared, and Charles Sedgwick, one of the justices of the peace and of the quorum within and for said county, appeared as one of the examining magistrates in the case, and adjourned the examination and hearing of said Marsh, upon his application for the benefit of the said law, to the 31st day of said July, at the same place; at which time and place last aforesaid the plaintiff appeared, and the said Sedgwick and Thomas B. Strong, both justices of the peace and of the quorum within and for said county, appeared as the examining justices in said case, and opened the court for the examination of said Marsh upon his application aforesaid, and to hear him and the plaintiff in the premises; at which time the plaintiff opposed the discharge of said Marsh, and filed the following charges of fraud: *First*, that since the debt was contracted in the above case, said Marsh has fraudulently conveyed, or concealed, or otherwise disposed of his estate, or some part thereof, with design to secure the same to his own use, or to defraud his creditors: *Second*, that said Marsh has wilfully expended his goods and estate, or some

part thereof, for the purpose of enabling him to swear that he has not any estate, to the amount of twenty dollars, excepting such as is exempt from being attached or taken on execution: *Third*, that said Marsh contracted the debt aforesaid with an intention not to pay the same: That said charges were subscribed by the plaintiff, and sworn to by him before a justice of the peace within and for the county aforesaid, and were offered to said magistrates, and filed in the case: That the plaintiff, at the same time and place, filed specifications of fraud, (which were set forth in the declaration,) under the first charge aforesaid, which specifications were received and filed by the said justices: That said justices, after an examination of witnesses, offered by the plaintiff, and sworn, decided that the charge of fraud against said Marsh was not sustained, and that he was not guilty thereof; and that they, " being satisfied, from the examination of said Marsh, of the truth of the facts set forth in the oath prescribed to be taken by poor debtors," offered to administer said oath to him: That the plaintiff objected to this proceeding, and claimed an appeal from the judgment of said justices to the court of common pleas, and offered to recognize, as the statute prescribes, to pros ecute his appeal with effect; whereby all proceedings of said justices, in the premises, were by law stayed: Yet said justices, (the defendants,) being of opinion that the appeal did not preclude said Marsh from taking the poor debtors' oath, then and there administered said oath to him, and made out, under their hands, in due form of law, a certificate to the keeper of said jail, that they had administered the same; whereupon said keeper immediately discharged said Marsh from custody: That the plaintiff, within twenty four hours after the rendering of the judgment aforesaid by said justices, recognized with sureties, as the law directs, to prosecute his said appeal with effect: That all the said proceedings of the defendants, after the said appeal was claimed by the plaintiff, were unauthorized by law, and a grievous injury to him, inasmuch as said Marsh was thereby taken from the custody of the law, and set at liberty beyond the control or reach of the plaintiff,

whereby he has wholly lost the benefit of his said judgment against said Marsh, &c.

The defendants demurred to this declaration, and the plaintiff joined in demurrer.

*Rockwell,* in support of the demurrer.   The declaration is bad, because it contains no allegation of corruption or fraud in the defendants, but sets forth merely an error of judgment. *Butler* v. *Potter,* 17 Johns. 145.   *Griffin* v. *Mitchell,* 2 Cow. 548.   *Phelps* v. *Sill,* 1 Day, 328, 329.   *Gregory* v. *Brown,* 4 Bibb, 28.   *Dillingham* v. *Snow,* 5 Mass. 559.   *Tompkins* v. *Sands,* 8 Wend. 462.   *Millard* v. *Jenkins,* 9 Wend. 298.   *Moor* v. *Ames,* 3 Caines, 170.   *Brodie* v. *Rutledge,* 2 Bay, 69. *Yates* v. *Lansing,* 5 Johns. 282.   1 U. S. Digest, Actions, 228. The question before the defendants respected the effect of the plaintiff's appeal ; and this was a judicial question, viz. whether they had jurisdiction to administer the poor debtors' oath to Marsh.   *Gray* v. *Cookson,* 16 East, 13.

But the defendants decided this question rightly.   The Rev. Sts. *c.* 98, §§ 8, 10, require, that if the examining justices shall be satisfied of the truth of the facts set forth in the oath to be taken by the debtor, and in the certificate to be made by them, " they shall administer to him the oath," and " shall make a certificate thereof," in the form which was adopted by the defendants in this case.   The sections which the legislature added to this chapter as reported by the commissioners, relating to charges of fraud against the debtor, and an appeal from the justices' judgment on the trial of those charges, do not control the foregoing provisions. · If it be objected, that it is provided by § 36, that if the debtor, on the final trial, shall be found guilty of any of the said charges, " he shall have no benefit from the proceedings under this chapter," and therefore the legislature meant that he should not be admitted to his oath until after a trial and acquittal on the appeal ; the answer is, that a like provision is made by § 15, when the debtor, after being discharged, shall be convicted of having wilfully sworn falsely upon his examination before the justices.   The provisions of *c.* 98, as to

38 *

charges of fraud, cannot be consistently carried into effect, except by regarding them as entirely collateral to the former provisions; leaving the justices to administer the oath, if they do not find the charges supported.

*Robinson,* for the plaintiff. The plaintiff's cause of action is, that the defendants have done an act, without legal authority, which was injurious to his interests. No corruption need be alleged. The question is, whether the defendants could legally administer the oath. The provision in § 8 of *c.* 98, relied on by them, must be taken in connexion with the subsequent sections in the same chapter, and with subsequent *Sts.* of 1842, *c.* 56, and 1844, *c.* 154. By § 36 of *c.* 98, the debtor is to have no benefit from the proceedings, if he is found guilty of any of the charges, " upon a final trial." He cannot take the oath until after a hearing; and when an appeal is taken, the final and full hearing must be had on the appeal. But Marsh has already had one of the benefits of the proceedings, by being let out of jail.

The act of administering the oath was not a judicial act. The defendants had no judicial power, except to try the question of fraud ; and they are not answerable for their decision of this question. After they had decided it, the plaintiff's appeal took from them all power to proceed further. *Paine* v. *Cowdin,* 17 Pick. 142. Their grant of the certificate was a ministerial act, like that of a justice in issuing an execution after an appeal from his judgment. For their unwarranted acts, they are liable to the plaintiff. *Briggs* v. *Wardwell,* 10 Mass. 356. *·Smith* v. *Rice,* 11 Mass. 513. *P .ilips* v. *Biron,* 1 Stra. 509. 3 Dane Ab. 100.

DEWEY, J. We have not found it necessary to consider the question whether the defendants were not so far acting judicially, in the matter before them, as to be protected from all claims for damages resulting from mere error of opinion, and where no fraud or corruption is imputed. Our attention has been particularly called to the construction of the provisions of the Rev. Sts. *c.* 98, and the supplementary act of 1844, *c.* 154, and in reference to the duty of the magistrates, on a

hearing upon an application of a poor debtor who is desirous of taking the oath prescribed in such cases, when the creditor has availed himself of the privilege, given by statute, of alleging specific charges of fraud against the debtor, and the magistrates, upon the hearing thereof, are of opinion that the charges of fraud are not maintained, and the creditor has appealed from such judgment to the court of common pleas. The precise point of the inquiry is this : Are the magistrates to proceed to the administration of the poor debtors' oath, when the creditor claims an appeal ? Looking merely at the provisions of Rev. Sts. *c.* 98, §§ 6 – 10, there would seem to be no room for doubt in the matter. The course of proceeding, and the duties to be performed by the magistrates, are plainly stated, and would seem to require the administration of the oath in all cases where, in their opinion, the party is entitled to take the same. The difficulty arises from the attempt to engraft upon the old and familiar system of proceedings, on a poor debtor's application to take the oath, certain new and more stringent provisions in regard to his fraudulent acts, accompanied with the provision that either party may appeal from the adjudication of the magistrates to the court of common pleas. The argument is strongly pressed upon us, that § 32 of *c.* 98, by giving the right of appeal to the creditor, necessarily operates to supersede all further jurisdiction on the part of the magistrates, and precludes all further proceedings by them as to administering the oath to the debtor, and filing a certificate of the same. No such effect is directly declared by the statute ; but it is contended that, upon general principles applicable to appeals which are legally taken, it supersedes all further action in the court appealed from. Ordinarily, this is undoubtedly the case ; yet the court appealed from is sometimes authorized to render judgment and issue execution, though the appeal is carried forward. It is so in the case of exceptions in matter of law, when they are deemed frivolous by the court. It may be said that, in the case specified, this course of proceeding is expressly authorized by statute, and that in the present case, no similar provision is found. This is so ; and therefore the authority to administer the oath and

file the certificate, notwithstanding the appeal, must here be derived from inference rather than from direct enactment. The general purpose of the statute is that of releasing the body from imprisonment, where the debtor has no property, and has been guilty of no fraud. The whole course of recent legislation has been to facilitate the discharge of poor debtors entitled to take the oath ; and this is particularly true as to the reduction of the period of time during which the debtor may be confined, before he is allowed to take the oath.

It is said, however, on the part of the plaintiff, that the entire benefit of the provisions of the statute which denies a discharge to fraudulent debtors, and gives to the creditors a right of appeal on the question of fraud, cannot be attained without the detention of the body of the debtor in imprisonment, or, if he be at large, under a bond conditioned for his surrender. This is true ; and to some extent, the benefits of an appeal may be lost by permitting the discharge of the debtor before the hearing on the appeal. But it is to be remembered that he is only to be thus set at liberty, after a hearing and adjudication in his favor by two magistrates of the county. Again; without the present detention of the body of the debtor, the creditor might, if he sustained his case, upon the hearing of the appeal, in the court of common pleas, derive a substantial benefit in the reversal of the judgment of the magistrates, as he thereby acquires the right to make a subsequent arrest of the body of the debtor, and the debtor is made subject to punishment for the fraud, if duly convicted thereof in the court of common pleas.

It must be conceded, nevertheless, that without the detention of the body of the debtor to abide the final judgment on the question of fraud, the creditor has not, to the fullest extent, the benefits of an appeal. But, on the other hand, we are to look at the consequences of a construction of the statute, which would give it the effect contended for by the plaintiff; and if we find such construction attended with still greater objections, and occasioning an extended imprisonment of the debtor, continuing, it may be, for years, we are not to disregard such considerations, when inquiring into the probable

design of the legislature in making the provision for an appeal. The ground assumed by the plaintiff is, that upon an appeal being taken by him, the magistrates cannot administer the oath to the debtor, or properly file the certificate of such oath. What is the consequence of this doctrine ? The practical effect would be, that instead of that prompt discharge which the policy of our legislature clearly indicates, a procrastina · tion for a very extended period is placed in the power of the creditor. Every creditor may allege fraudulent acts to have been committed by his debtor, and, having made this allegation, he may exercise his right of appeal, although he produced not a tittle of evidence before the magistrates, to sustain his charge ; and thus the debtor, however honest and however proper a subject for the oath and a certificate entitling him to discharge from imprisonment, must be delayed of his discharge, and, if unable to give bonds for the prison limits, must be confined in close prison until the convenient time arrives for a hearing in the court of common pleas, and even beyond this, as the case may be carried to the supreme judicial court on exceptions taken to the ruling of the court of common pleas in matter of law. Thus years may elapse before the time arrives for taking the oath, and obtaining the discharge of his body from imprisonment. We cannot suppose that the legislature intended to introduce such a change in the system of imprisonment of poor debtors, and one so much at variance with the general course of legislation on this subject. We have come, therefore, to the opinion, that it is the duty of the justices convened on the petition of a poor debtor seeking to take the oath, when specifications of fraud are filed by the creditor, to pass upon such allegations of fraud, and, if they find them unsupported by proof, to declare their judgment to that effect, by administering the oath to the debtor and filing the proper certificate, although an appeal be taken by the creditor ; and that upon such proceedings being had, the debtor may properly be discharged from imprisonment ; and that if he is at large on bail when the oath is taken, his bail will be thereby discharged from their liability. *Declaration adjudged bad.*